Palfrey et als. vs. Sheriff and Tax Collector et als.

Vol. 4, 133), it is entirely unnecessary for us to discuss the question whether *certiorari* would lie in a case like the present one.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed at the cost of the relator.

## No. 13,974.

GEORGE D. PALFREY ET ALS. VS. A. W. CONNELY, SHERIFF AND TAX COLLECTOR, ET ALS.

IN RE A. W. Connely, *et als,* applying for *certiorari,* or writ of review, to the Court of Appeal, Fifth Circuit, State of Louisiana.

*Walter Guion,* Attorney General, and *W. P. Martin,* District Attorney, for Applicants;

*Charles A. O'Niell,* for Plaintiffs, Respondents, in the Proceeding.

The opinion of the court was delivered by

NICHOLLS, C. J. Most of the pleadings and facts of this case will be found recited in the matter of George D. Palfrey *et als.* vs. A. W. Connelly, Sheriff and Tax Collector *et al.,* No. 14,021, upon the docket of this court, the latter being an appeal to the Supreme Court from the judgment rendered therein by the District Court for the Parish of Terrebonne.

The assessor for the Parish of Terrebonne having made an assessment in the name of the plaintiffs upon trees standing on certain lands which belonged to Mrs. Humphreys, upon the ground that by and through a contract between them and Mrs. Humphreys, they had become the owners in full property of the trees standing on the land and which had thus become movables and liable to taxation and assessment separately from the land itself, the plaintiffs enjoined the tax collector from enforcing the tax on the ground that they were not the

owners of the trees and were not liable for taxes upon the same. They further claimed that said trees standing by the roots formed part of the Magnolia Plantation and could not be reached for purposes of taxation by a separate assessment upon them as movables. That they could only be reached for taxation as being part of the plantation and under the assessment made of the plantation. That the trees had been assessed, in fact, as part of the plantation, and the separate assessment was a dual assessment and the property taxed was not properly described. They prayed that the tax be decreed to be not enforced (the claim so to do resting upon no legal warrant); that the assessment be decreed null and void and of no effect, and the inscription thereof on the records be erased.

To meet the contingency of the court's ruling against them, and holding them and their property liable for the tax, they averred that in the contract between themselves and Mrs. Humphreys touching the trees in question, she had bound herself to pay all taxes subsequent to the contract and would be bound as warrantor to protect and hold them harmless from the tax claimed. At their instance, Mrs. Humphreys was cited as a warrantor and judgment against her was contingently prayed for. The District Court rendered judgment sustaining the separate assessments made, dissolved plaintiff's injunction and dismissed their suit. It held that plaintiff's demand against Mrs. Humphreys, as a warrantor under the contract made between the parties, was not well founded, and rejected the same. Plaintiffs obtained two orders of appeal from this judgment, one to the Supreme Court, upon the question of the constitutionality and legality of the tax and of the violation vel non of the Constitution and of Act. No. 107 of 1898, especially Section 7 of that act, the other to the Court of Appeals of the Fifth Circuit upon all questions and issues not appealable to and appealed to the Supreme Court.

The appeal to the Supreme Court, under that order of appeal, was not perfected but a later appeal was granted, after the Circuit Court had passed upon the issues before it, under which the appeal was brought up. The Court of Appeals rendered a judgment by which it annulled, avoided and reversed the judgment of the District Court and ordered and decreed that the assessment in the names of the plaintiffs of the property or rights acquired by them be annulled and set aside as having no effect as to plaintiffs. The court declared that, in its opinion, there was a dual assessment of the trees, the assessment upon

the latter being included in and falling under the assessment of the plantation itself; that the trees could not, in the case at bar, be assessed separately from the land to which they were attached as having been "mobilized" by anticipation; that the plaintiffs had not become absolute owners of the trees, but only acquired a right which could be exercised for six years.

Though the court declared that, in its opinion, Mrs. Humphreys was bound by her agreement as to payment of taxes, it did not fix the scope of that agreement and rendered no decree affecting her other than that resulting from the reversal in entirety of the judgment of the District Court, part of which had been in her favor.

Upon the rendering of this judgment, the tax collector and assessor (defendants in the District Court, appellees in the Circuit Court) applied for and obtained an order for a writ of review of the judgment of the Circuit Court, and under that order the record was brought up.

## ON REVIEW.

The plaintiffs (George D. Palfrey *et als.*) have sought to change neither the judgment of the District Court nor of the Circuit Court so far as the liability of Mrs. Humphreys to themselves is concerned. The tax collector and assessor have no interest in the situation as between George D. Palfrey *et als.* and Mrs. Humphreys.

That branch of the case is not before us on this review.

We have just held in the branch of this case before us, on appeal, that trees standing on the Magnolia plantation on the first of January, 1900, formed part of the same at that time, and were, therefore, included in the assessment of that property for that year; that it was of that date, and of the property in its condition at that time and on that basis, that the assessment of the plantation and trees was to be made (Insurance Co. vs. Board of Assessors, 49 Ann. 401); that the subsequent sale of the trees to the plaintiff did not authorize their being assessed a second time and in their name; that the payment of Mrs. Humphreys of the taxes upon Magnolia plantation included and carried with it the payment of all taxes on the trees which were standing thereon on the first of January; that the law of 1898 expressly declares that taxes on the same property shall not be paid for twice in the same year.

Marks & Rittner vs. Cold Storage Company.

That decision carried with it either directly or by way of consequence all the issues sought to be reviewed in the present proceeding. The conclusions of the Court of Appeal are not at variance with our own, but in accord with them. Under the circumstances, we deem it unnecessary to take any further action herein. It is, therefore, ordered, adjudged and decreed, that the order of this court directing the sending up of the record herein be revoked, that the record be returned to the Court of Appeals and the proceedings here be dismissed.

BLANCHARD, J., takes no part.

PROVOSTY, J., takes no part.